R. S. WOODWARD, Executor, *vs.* CHARLOTTE HALL and others.

## October Term, 1874.

PLEADING—MULTIFARIOUSNESS.—A bill is not multifarious which is filed by the complainant as the agent and attorney of some of the defendants all the time, and of all the defendants for a portion of the time, in the matter of the same estate, in which the defendants had each an undivided interest, claiming compensation for services, and to subject to the satisfaction of his claim a fund in this court secured by his exertions.

DEMURRER—REMEDY AT LAW.—A demurrer to the whole bill, on the ground that the remedy is at law, is too broad, and therefore bad, if the bill shows that as to some of the demurrants there is no remedy at law whatever.

*Newman & Allen,* for complainant.
*John Lellyett,* for defendants.

THE CHANCELLOR :—The bill alleges, in substance, that many years ago one John L. Harris died in Bolivar county, Miss., leaving an estate in lands, negroes, and stocks, estimated in value at several hundred thousand dollars, situated in the states of Louisiana, Mississippi, and Virginia. That a portion of the heirs of said Harris attempted to set up a destroyed will, devising the property to them to the exclusion of the other heirs at law. That, to defeat this effort, as well as to settle up and secure to the defendants (except Moon), who were heirs and distributees of Harris, their shares in said estate, complainant's testator and one John Dillard were employed by the said defendants—the testator by his wife, Mary C. Allen, and by John Vining and William Vining, and Dillard by defendants Charlotte Hall and Elizabeth Dillard ; " for which service said Allen and Dillard were to receive reasonable compensation ; and it was tacitly understood, if not positively agreed, between said Allen and Dillard and said defendants, that out of any funds by them collected for said heirs they were to reimburse themselves for expenses advanced, and to retain out of the same a reasonable compensation for their services ; in other words, their expenses advanced and compensation for services were to be a lien

upon said sums, and to be first satisfied." That testator and Dillard acted in concert, as attorneys in fact for the heirs aforesaid, in asserting and establishing the rights of their respective principals, until early in the year 1865, when Dillard died, " and thereupon all of said parties, including defendants Charlotte Hall and Elizabeth Dillard, clothed said testator with power to act for them, by extending to him powers of attorney, under which he continued to act."

The bill then states various services rendered, and expenses and obligations incurred, in and about the business of the defendants, in the matter of Harris' estate, estimating actual expenses at about $1,500, and acknowledging receipt of $3,400 of the share of the Vinings and Mary C. Allen, they being children of a deceased sister of the intestate, Harris, part of which sum was paid to the parties entitled. The bill further charges that the testator, in the course of his employment as attorney in fact, caused a suit to be instituted in this court, in the interest of the said defendants, still pending under the style of *Elizabeth Dillard and others* v. *Letitia J. Harris and others.* That he also secured at New Orleans, by his exertions, some $8,000, as part of the assets of Harris' estate going to said defendants, and had the same transferred into the said cause in this court. The complainant suggests that—in view of the length of the services, and that they were made " a portion of the time" in conjunction with Dillard, and later with testator's son, who was employed by said defendants as attorney at law as well as attorney in fact, and in view of the payments made at various times both by and to complainant's testator— an account cannot properly be taken without the aid of this court; and, to assist him in arriving at a just and true balance, he calls upon defendants to " make discovery of all and any receipts " given by testator to them for services performed or advances repaid him.

The bill then alleges that the defendants, Charlotte Hall and Elizabeth Dillard and John Moon, are non-residents of the state, and have no property in this state except the

funds in the custody of this court; that said Hall is about to assign, or has assigned, her interest in Harris' estate to the defendant Moon; that said funds, being in the custody of this court, cannot be attached by attachment at law, and that complainant's only remedy is by bill in this court, praying for a restraining order, in lieu of attachment and injunction. The bill claims a lien on the fund in court, and prays for a restraining order and relief.

The defendants have filed a demurrer to the whole bill, assigning various causes. The first ground is that the bill is multifarious, not setting out upon its face, or by its intent, any joint contract, or any other cause whereby all of said defendants are liable to be joined together in the same suit.

The contract stated in the bill is that complainant's testator was first employed by his wife, Mary C. Allen, and by John Vining and William Vining. These three defendants had a common interest, as the children of a deceased sister of the intestate, Harris. The other two defendants were themselves sisters of the intestate, and employed John Dillard to look to their interests. At the death of John Dillard, in 1865, the bill avers, " all of said parties, including defendants Charlotte Hall and Elizabeth Dillard, clothed said testator with power to act for them, by executing to him powers of attorney, under which he continued to act."

It is obvious, therefore, that there was at first a contract made with complainant's testator by only three of the defendants, and that, conceding for the moment that the contracts were joint and not independent, the other two defendants were not parties to the joint contract until after Dillard's death, in 1865. The demurrer, then, raises the question whether the complainant can join in one and the same bill a cause of action against all of the defendants, and a cause of action against only a part of them, the causes of action being, however, in relation to the same estate, in which the several sets of defendants had separate but undivided interests. In this view the objection is to the uniting in the same bill of several matters of a distinct

nature against several defendants. But this objection, it is well settled, must be confined to cases where the case of each particular defendant is entirely distinct and separate in its *subject-matter* from that of the other defendants; for the case against one defendant may be so entire as to be incapable of being prosecuted in several suits, and yet some other defendant may be a necessary party to some portion only of the case stated. In the latter case the objection of multifariousness cannot be allowed to prevail. Story's Eq. Pl. § 271, *a.* "So," continues the author, "it is not indispensable that all the parties should have an interest in all the matters contained in the bill; it will be sufficient if each party has an interest in some matters in the suit, and they are connected with the others." Id., and cases cited. And upon this general principle it has been held by our own supreme court that a bill is not multifarious where the interests and liability of the defendants are separate, but grow out of, or relate to, a common subject-matter. *Fogg* v. *Rogers*, 2 Coldw. 290, 296; *Johnson* v. *Brown*, 2 Humph. 327.

In the case before us the liability of three of the defendants grows out of the original contract, made shortly after the death of John L. Harris, and the liability of the other two, in connection with their co-defendants, commences on the death of Dillard, in 1865. The liabilities are to that extent separate, but they relate to a common subject-matter, the shares of all the defendants, as heirs and distributees of Harris, in the intestate's estate. Each defendant has an interest in the subject-matter of suit, and each is connected, in part at least, with the common liability of all, the only difference being that the liability of three of them may be larger than the liability of the other two, growing out of the earlier retainer. The case, therefore, so far as this ground of demurrer goes, falls directly within the exception of the text-writers and decisions.

The second cause of demurrer is that the cause of action shown in the bill, if any at all, is simply a debt against

defendants severally, and not jointly, for services rendered; and complainant's remedy is plain and unembarrassed at law.

The last clause of this objection is clearly incorrect in point of fact. For the defendants Hall and Dillard, being non-residents of this state, and having no property in this state except their undivided interest in the fund in the custody of this court, the complainant has no remedy against them at law whatsoever. The case against these defendants falls exactly within the provisions of the Code, § 4287, which gives this court jurisdiction to subject such a fund, where personal service of process cannot be made at law, and where no original attachment at law will lie, and where no judgment at law can be obtained, even if the demand be not purely of an equitable nature. As to these defendants, moreover, the case made by the bill, considering the demand as purely legal, falls directly within the Code, §§ 3455, 3461, which gives this court concurrent jurisdiction of such demands, where the defendant is a non-resident of the state. The objection is, therefore, not maintainable as to these defendants.

Nor is it any more available against the other defendants. "A bill is not to be regarded as multifarious because it embraces a subject-matter which might be made the occasion of numerous suits at law, whether between the same or different parties; nor is a suit demurrable because a remedy at law exists, if such remedy consists of numerous actions, this being in itself one ground of exclusive equity jurisdiction, in order to save such multiplicity of suits." Story's Eq. Pl., § 284, a; Swift v. Larrabee, 31 Conn. 225; Crews v. Burcham, 1 Black, 352.

"There is," says Judge Story, "no positive, inflexible rule as to what, in the sense of courts of equity, constitutes multifariousness which is fatal to the suit on demurrer. These courts have always exercised a sound discretion in determining whether the subject-matters of the suit are properly joined or not; and whether the parties, plaintiffs

or defendants, are also properly joined or not." Story's Eq. Pl. § 539. "As to what constitutes multifariousness, say the Supreme Court of the United States, and our supreme court, it is impossible to lay down any general rule. Every case must be governed by its own circumstances, and the court must exercise a sound discretion on the subject." *Gaines* v. *Chew*, 2 How. 619; *Bartee* v. *Tompkins*, 4 Sneed, 623, 636.

In the case under consideration the complainant is seeking compensation for services rendered about the same estate in which all of the defendants had a common interest—services rendered during a part of the time for only three of the defendants, and during the residue of the time, eight or nine years, for all of the defendants. The fund out of which he is seeking compensation constitutes, according to the bill, a part of the fruits of his labor, and is now in the custody of this court, in a suit to which all the defendants are parties. The grounds of action are not entirely distinct and unconnected. They arise out of a series of connected transactions, forming one course of dealing, and tending to one end, and of which one connected story can be told. The defendants have a common interest in the fund. It seems to me, under these circumstances, the exercise of a sound discretion to overrule the objection of multifariousness, and not require, as I would be compelled to do under the Code, § 4326, separate bills to be filed against each of the defendants, thus increasing the costs without the least advantage to any of the parties. Story's Eq. Pl. § 271, *b*.

The second and third causes of demurrer are, also, that the complainant has no lien on the fund in controversy, and can acquire none by bill, and, therefore, that the remedy is at law. But this ground of demurrer, it is clear, as we have seen, does not apply to the two non-resident defendants; for the complainant has a right to reach their interest in the fund and acquire a lien thereon, both by attachment at law (Code, §§ 3455, 3461) and in equity (Code § 4287). If

the court has jurisdiction as against these defendants, the other defendants are proper parties, both in ascertaining the services rendered in and about the common fund, and the share of the non-resident defendants in the fund. In this view, inasmuch as the objection goes to the whole bill, it is too broad, and must be overruled.

But the objection is based upon the idea that, by law, an attorney in fact has no lien on the fund secured by his labors. This question has not been argued by the counsel, nor have I deemed it essential to form an opinion upon it. The bill claims, though somewhat loosely, it must be admitted, that, when the testator and Dillard were originally employed by the defendants, "it was tacitly understood, if not positively agreed," between them and defendants, that out of any funds collected by them for said defendants. they were to reimburse themselves for expenses, and to retain a reasonable compensation for services; "in other words, their expenses advanced and compensation for services were to be a lien upon said sums, and to be first satisfied." This allegation of the bill is not repeated upon the subsequent employment of complainant's testator by all the defendants, after the death of Dillard, but under our system of pleading it may perhaps be fairly implied that the new contract was upon the terms of the old. Be this as it may, if the averment applies to any part of the relief sought against the three resident defendants (the complainant's rights against the other two being independent of this charge), the demurrer is too broad. The allegation is sufficient to entitle the complainant's to an answer from these defendants as to the terms of the contract, so as to enable the court to see whether the complainant's testator did not acquire a lien thereby on the funds in controversy.

The fourth ground of demurrer is that the bill shows a joint employment of complainant's testator and Dillard, and that Dillard's representative is a necessary party to the action. But this objection, it is obvious, goes only to a

part of the cause of action, and is no ground of demurrer to the whole bill. Besides, it is based upon a mistake of fact. The bill does not show the joint retainer relied on, but, on the contrary, clearly avers a separate retainer of each by separate defendants.

The fifth ground of demurrer, which relies on the statute of limitations as to the joint cause of action with Dillard, fails, of course, if the bill sets up no such joint cause of action.

The sixth and seventh causes of demurrer are untenable for reasons already given—the sixth cause going, moreover, only to a part of the bill, that part which relates to the contract made after the death of Dillard.

The eighth cause of demurrer is by Mary C. Allen alone, and is to the effect that she was the wife of complainant's testator, and no cause of action could arise against her by reason of the matters shown in the bill. This is true so far as the bill may be supposed to seek a personal recovery against her. But it seems to be settled in this state that a married woman may make a contract with her husband, touching her separate estate, or property out of which she is entitled to claim a separate estate or allowance, which is binding to the extent of the property in question. *Powell* v. *Powell*, Humph. 477 ; *Ready* v. *Bragg*, 1 Head, 511.

The result is that the demurrer must be overruled, and the defendants required to answer.